United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Colonial Press International, Inc., <br> Plaintiff, <br><br> v. <br><br> Truist Bank and Luis Gamoneda, <br> Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 22-21771-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

**Order**

This matter is before the Court upon Plaintiff Colonial Press International, Inc.'s ("Colonial") motion to remand, which has been fully briefed. (*See* ECF Nos. 33, 34, 38, 39.)[1] In that motion, Colonial offers two arguments for remand, but the Court disposes of the motion by ruling on Colonial's argument concerning the non-diverse Defendant, Luis Gamoneda.

For the reasons below, the Court grants Colonial's motion (Mot., ECF No. 34) and remands this action back to the Eleventh Judicial Circuit Court of Florida for lack of subject-matter jurisdiction.

1. **Background**

This lawsuit concerns the alleged breach of a settlement agreement executed by Colonial, Truist Bank ("Truist"), and Gamoneda—a Truist employee. (*See, e.g.*, Am. Compl. ¶ 67, ECF No. 37.) The agreement was supposed to settle a prior state court suit concerning loan obligations that Colonial purportedly undertook at Truist and Gamoneda's behest. But after signing the agreement, both Truist and Gamoneda independently breached it, according to Colonial.

Upon learning of Truist's purported breach, Colonial filed this suit in state court on May 11, 2022. (*See* Compl., ECF No. 1-2.) Truist removed the suit to this Court on June 9, 2022, alleging diversity jurisdiction. (*See* Not. of Removal, ECF No. 1.) Truist was the only defendant at the time.

After removal, Colonial filed an amended complaint as a matter of right under Federal Rule of Civil Procedure 15, listing Gamoneda as an additional defendant. Colonial represents that it only learned of Gamoneda's purported misconduct on May 20, 2022—after it originally filed this suit. (Mot. 5.)

---

[1] The Court has considered the parties' filings under seal but will cite to the portions of the record available to the public throughout this opinion.

The parties seem to agree that both Colonial and Gamoneda are citizens of Florida for purposes of diversity jurisdiction. Accordingly, Colonial argues that Gamoneda's joinder deprives this Court of subject-matter jurisdiction and moves for remand.

## 2. Legal Standard

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

In determining how to proceed under Section 1447(e) courts consider the following, which are known as the *Hensgren* factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff was dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities of the case. *See, e.g., Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 Fed. App'x 880, 885 (11th Cir. 2020) (citing *Hensgren v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987)).

## 3. Discussion

The Court's evaluation of the *Hensgren* factors leads it to conclude that Gamoneda's joinder is proper.

*First*, the Court acknowledges that the parties hotly contest whether Colonial added Gamoneda to purposefully defeat federal jurisdiction. Truist accuses Colonial of fabricating Gamoneda's purported breach to evade this Court's jurisdiction. It invokes the "fraudulent joinder" doctrine and submits a declaration to back the notion that Gamoneda did not breach the agreement. (ECF No. 33.) Colonial responds with its own declaration, which asserts an account of how the purported breach occurred (ECF No. 38), while also correctly noting that the fraudulent joinder doctrine does not apply because 28 U.S.C. § 1447(e) governs instead. *See Andreasen v. Progressive Express Ins. Co.*, 276 F. Supp. 3d 1317, 1321 (S.D. Fla. 2017) (Lenard, J.) (citing *Ibis Villas at Miami Gardens Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 799 F.Supp.2d 1333, 1337, n. 1 (S.D. Fla. 2011) (Jordan, J.) ("The fraudulent joinder doctrine, therefore, is not the applicable standard on the joinder of an on-diverse defendant after removal.") (cleaned up)).

As a threshold matter, the Court notes that it is not in a position to make credibility determinations concerning the parties' competing declarations. Nor will the Court purport to adjudicate the merits of Colonial's claims against

Gamoneda on the basis of those competing declarations at this early stage of litigation. In conducting its limited inquiry as to whether the *motivation* behind Colonial's joinder was to defeat federal jurisdiction, the Court looks to the pleadings and the history of this case.

Truist argues that Gamoneda's joinder can only be described as pretextual because the facts giving rise to Gamoneda's purported breach are entirely unrelated to those giving rise to Truist's purported breach. Although it is true that Colonial states claims for breach against Truist and Gamoneda separately, the breach claims are not the only ones at play. Colonial asserts a total of six counts in its amended complaint. It states half of them against Truist and Gamoneda *jointly*: specific performance (Count III), breach of obligation of good faith and fair dealing (Count IV), and negligent misrepresentation (Count V).

Further, Truist was implicated in the original suit partly *because of* Gamoneda, who served as the Vice President and loan officer that serviced Colonial's loans. (*See, e.g.*, Am. Compl. ¶¶ 49, 50.) It is natural, then, to see how Gamoneda and Truist go hand in hand to Colonial. Indeed, Gamoneda was a party to the settlement agreement and a defendant in the original suit that gave rise to it. And, although not dispositive, Colonial represents to the Court that "Colonial did not amend the [c]omplaint for the sole—or even primary—purpose of destroying [federal jurisdiction.]" (Mot. 8.)

Against this backdrop, the Court does not conclude that Gamoneda's joinder was purposefully intended to defeat federal jurisdiction. *Cf. Fiddler's Creek Cmty. Dev. Dist. 2 v. U.S. Bank Nat. Ass'n*, No. 2:12-CV-5-FTM-UA, 2012 WL 2358295, at *3 (M.D. Fla. June 20, 2012) ("The mere fact that the requested amendment would divest the Court of its jurisdiction does not, in itself, establish that Plaintiff's motive in seeking amendment is to accomplish this aim.").

*Second*, Colonial was not dilatory in amending its complaint. Again, Colonial represents that the circumstances of Gamoneda's purported misconduct only came to its attention *after* it originally filed its second suit against Truist. (Mot. 5.) Having sued Gamoneda once before, there is no reason to doubt that Colonial would have sued him again, had it been aware of a basis to do so.

Additionally, Colonial did not delay Gamoneda's joinder so as to unnecessarily prolong this litigation and nefariously deprive the Court of jurisdiction at an advanced stage of litigation. "A plaintiff is dilatory in adding a non-diverse party when the plaintiff waits an *unreasonable* amount of time before asking for an amendment[.]" *Hickerson*, 818 Fed. App'x at 885 (emphasis

added). Colonial amended as a matter of right within the 21-day window following removal. That is not an unreasonable amount of time.

*Last*, if the Court removed Gamoneda as a party, Colonial would be disadvantaged by being forced to pursue its claims against him in a parallel state court proceeding—including the claims alleged against Truist and Gamoneda jointly. Although that factor alone is not dispositive, the Court finds that the balance of considerations here does nothing to advocate against remand. Truist conducts business throughout Florida and Gamoneda resides here. (Am. Compl. ¶¶ 5-6.) As such, Truist was well on notice of the possibility of having to defend against Colonial's suit in state court. In fact, Colonial sued both Truist and Gamoneda in state court in the predecessor to this suit, and this suit again originated in state court. Additionally, all of Colonial's claims derive from state law, and "[b]oth comity and economy are served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002).

### 4. Conclusion

For these reasons, the Court exercises its discretion under 28 U.S.C. § 1447(e) to permit Gamoneda's joinder. His joinder deprives this Court of subject-matter jurisdiction over this action, and accordingly, the Court must **grant** Colonial's motion. (**ECF No. 34**).

The Court **remands** this action back to the Eleventh Judicial Circuit Court of Florida and instructs the Clerk to **close** this case. The Clerk is directed to **terminate the sealed version** of Colonial's motion to remand for lack of subject-matter jurisdiction, and to **deny all other additional pending motions as moot**.

**Done and ordered** in Miami, Florida, on August 16, 2022.

_____
Robert N. Scola, Jr.
United States District Judge